**Arturo LUNA–LARIOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73948.

Agency No. A77–383–364.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Walter Rafael Pineda, Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, William Campbell Erb, Jr., Attorney, Timothy P. McIlmail, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Arturo Luna–Larios, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an Immigration Judge ("IJ") denying his applications for asylum and withholding of removal and for relief under the Convention Against Torture.

We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review the IJ's findings for substantial evidence and will uphold those findings "unless the evidence compels a contrary conclusion." *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090–91 (9th Cir.2000) (internal quotation marks and citation omitted). We deny the petition.

The IJ's adverse credibility determination is supported by substantial evidence and specific, cogent reasons. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997). As the IJ found, Luna–Larios provided inconsistent information in his written submissions and his oral testimony about, among other things, the circumstances of his sole encounter with guerrillas and the circumstances of his sister's murder. Luna–Larios therefore failed to establish eligibility for asylum or withholding of removal. *See id.* at 393–94.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.